# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN WILLIS, | 1:08-cv-00125-OWW-SMS-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S REQUEST FOR REMAND |
| v. | (Doc. 5.) |
| JAMES YATES, et. al., | OBJECTIONS, IF ANY, DUE IN 30 DAYS |
| Defendants. | |

**I.   RELEVANT PROCEDURAL HISTORY**

Austin Willis ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action in the Fresno County Superior Court on October 1, 2007. The action was removed to federal court by the defendants on January 24, 2008. (Doc. 1.) On March 3, 2008, plaintiff filed a request for the court to remand this action to the Fresno Superior Court. (Doc. 5.)

**II.   REMOVAL**

Removal of an action under 28 U.S.C. § 1441(b) depends solely on the nature of the plaintiff's complaint, and is properly removed only if "a right or immunity created by the Constitution or laws of the United States [constitutes] an element, and an essential one, of the plaintiff's cause of action." Gully v. First National Bank in Meridian, 299 U.S. 109, 112 (1936). The plaintiff is the master of his or her own complaint and is free to ignore the federal cause of

action and rest the claim solely on a state cause of action. See The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25, (1913); Jones v. General Tire & Rubber Co., 541 F.2d 660, 664 (7th Cir.1976); La Chemise Lacoste v. Alligator Co., 506 F.2d 339, 346 (3d Cir.1974), cert. denied, 421 U.S. 937 (1975). However, under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

## III.   DISCUSSION

Plaintiff argues that this action should be remanded to the Fresno Superior Court in the interest of judicial economy because the case was already proceeding at the superior court and had been placed on a case management schedule when defendants removed the case.

The court has thoroughly reviewed plaintiff's complaint. Although the complaint is primarily couched as claims under California state tort law, plaintiff also alleges "violation of Plaintiff's 8th [a]mendment right [under the] United States Constitution." (Cmp. at p. 6.) Therefore, the court finds that the federal court has original jurisdiction over the complaint and the removal was proper. As for plaintiff's argument that the case should be remanded in the interest of judicial economy, this argument is not a sufficient reason to remand the case. As stated above, removal of an action under 28 U.S.C. § 1441(b) depends solely on the nature of plaintiff's complaint. Gully, 299 U.S. at 112. Accordingly, plaintiff's request for remand should be denied.

## IV.   CONCLUSION

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's request for remand be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections

within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: April 17, 2009**              /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE