# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN WILLIS, | CASE NO. 1:08-cv-00125-OWW-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| JAMES YATES, et al., | (Doc. 14) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

### Screening Order

Plaintiff Austin Willis is a state prisoner, proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983 and state law. He files this second amended complaint in response to the court's September 8, 2009, order which dismissed his prior amended complaint and granted him one additional opportunity to amend (doc. 13). Plaintiff names as defendants the warden, James Yates, and the medical director, F. Igbinosa, of Pleasant Valley State Prison ("PVSP").

Plaintiff has been an inmate at PVSP since he transferred there in 2002. In 2003, after learning that Valley Fever was endemic in the PVSP area, plaintiff requested and was denied a transfer to a prison outside the endemic area for Valley Fever. From 2003 through 2009, plaintiff repeatedly requested a medical transfer from PVSP and was repeatedly denied. In 2005, plaintiff contracted Valley Fever.

///

The September 8, 2009, screening order (at page 7) warned: "Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)." In his second amended complaint, plaintiff ignores the court's warning and abandons his prior claim that defendants' refusal to transfer him from PVSP violated his constitutional rights. Instead, he now alleges that the defendants' failure to warn him of the dangers of Valley Fever violated his rights under the Eighth Amendment as well as analogous portions of the California Constitution.

**Screening requirement**. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 915(e)(2)(B)(ii).

**Pleading standards.** "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999). To adequately state a claim against a defendant, plaintiff must set forth both legal and factual bases for his claim.

This court's September 8, 2009, screening order instructed plaintiff:

> Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of plaintiff's constitutional or other federal rights. *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (*citations omitted*). Plaintiff should focus on setting forth, as briefly but specifically as possible, the facts linking the defendants he names to each alleged violation of his rights.

Nonetheless, plaintiff's second amended complaint still does not support its allegations with facts, but simply sets forth legal conclusions. For example, in the complaint's second paragraph, plaintiff alleges that "[t]he actions defendants James Yates, F. Igbinosa in violation for failing to give notice to plaintiff of known risk of harm and injuries constitute a tort of personal injury cruel and unusual punishment under the state and federal constitutions of laws." Plaintiff never alleges the facts that would, among other things, explain why and of what failing to give notice was a violation, establish that the risk of harm and injuries was known to the defendants, or explain how the defendants' actions constituted a tort or constitutional violation. Nor does the complaint allege any facts tying the defendants to the alleged violations of plaintiff's rights.

**Defendants not linked to claims.** Section 1983 plainly requires an actual connection or link between each defendant's actions and the harm allegedly done to the plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "A

3

person 'subjects' another to the deprivation of a constitutional right, within the meaning of §1983, if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  A plaintiff can establish each defendant's "requisite causal connection" either by detailing that defendant's direct, personal participation in an act or omission, or by demonstrating that the defendant knowingly set in motion a series of acts by others that the defendant knew or reasonably should have known would cause the others to inflict constitutional injury on plaintiff.  A defendant cannot be liable under § 1983 unless an affirmative link or connection exists between that defendant's actions and the claimed injury to plaintiff.  *May v. Enomoto*, 633 F.2d 164, 167 n. 3 (9th Cir. 1980); *Johnson*, 588 F.2d at 743.

**Eighth Amendment Claim.**  The Eighth Amendment protects prisoners from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Plaintiff contends that the defendants' failure to warn him of the presence of Valley Fever at PVSP violated the Eighth Amendment to the U.S. Constitution.

Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. California Dept. of Corrections*, 220 F.Supp.2d 1098, 1105 (N.D. Cal. 2002), *aff'd*, 364 F.3d 1148 (9th Cir. 2004).

Plaintiff's vague and conclusory allegations fail to set forth a factual basis to link defendants to the knowing disregard of a substantial risk of harm to plaintiff's health.  To state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. *See, e.g.*, *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).  The facts that there is a risk of developing Valley Fever if incarcerated at PVSP and that plaintiff developed Valley Fever while confined there are

///

insufficient to establish a claim for an Eighth Amendment violation. General allegations about dangerous conditions at PVSP are not sufficient to support an Eighth Amendment claim.

**Plaintiff's state claims.** Plaintiff alleges violations of state tort law and the California Constitution. Section 1983 does not provide a cause of action for violations of state law. *See Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007); *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997); *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996); *Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir.), *cert. denied*, 454 U.S. 857 (1981). *See also Draper v. Coombs*, 792 F.2d 915, 921 (9th Cir. 1986); *Weilburg v. Shapiro*, 488 F.3d 1202, 1207 (9th Cir. 2007). Pursuant to 28 U.S.C. § 1367(a), however, in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997).

"The district court my decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367 (c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *United Mine Workers of Amer. v. Gibbs*, 383 U.S. 715, 726 (1966). Accordingly, in the absence of a cognizable federal claim, the court should decline to accept jurisdiction over plaintiff's pendant state claims.

### Findings and Recommendations

For the foregoing reasons, this court recommends that this action be dismissed, with prejudice, for failure to state a claim. These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that, by failing to file objections within the specified time, he may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    October 22, 2009**               /s/ Sandra M. Snyder
                                             UNITED STATES MAGISTRATE JUDGE